**LAW OFFICES OF ANDREW B. HOLMES**
Andrew B. Holmes (Cal. SBN: 185401)
ABHolmesEsq@gmail.com
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017
Telephone: (213) 542-2122
Facsimile: (310) 295-2424

Dennis L. Kennedy (Nev. SBN: 1462)
Sarah E. Harmon (Nev. SBN: 8106)
**BAILEY ❖ KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
dkennedy@baileykennedy.com
sharmon@baileykennedy.com

Attorneys for Defendants Messner & Smith Theme/Value Investment Management, Ltd., Messner & Smith, L.L.C., Messner and Smith Small/Mid Partners, L.P., and Messner Smith & Associates, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST,<br><br>            Plaintiffs,<br><br>  vs.<br><br>GRASSWOOD PARTNERS, INC., a California corporation; DALE STEVENS, an individual; ANNE STEVENS, an individual; OLD GLORY ASSET MANAGEMENT, LLC, a Pennsylvania limited liability corporation; OPTIQUE CAPITAL MANAGEMENT, INC., a Wisconsin corporation; MESSNER & SMITH THEME/ VALUE INVESTMENT MANAGEMENT, LTD., a California corporation, MESSNER & SMITH, L.L.C., a California limited liability company, MESSNER AND SMITH SMALL/MID PARTNERS, L.P., a California limited partnership, and MESSNER SMITH & ASSOCIATES, LLC, a California limited liability company,<br><br>            Defendants. | Case No. 2:11-cv-00044-RLH-RJJ<br><br>**STIPULATION OF CONFIDENTIALITY AND FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER** |

Case No. 2:11-cv-00044-RLH-RJJ                                    STIPULATION OF CONFIDENTIALITY
                                                                                              AND FOR PROTECTIVE ORDER

Defendants MESSNER & SMITH THEME/VALUE INVESTMENT MANAGEMENT, LTD., a California corporation, MESSNER & SMITH, L.L.C., a California limited liability company, MESSNER AND SMITH SMALL/MID PARTNERS, L.P., a California limited partnership, and MESSNER SMITH & ASSOCIATES, LLC, a California limited liability, GRASSWOOD PARTNERS, INC., a California corporation; DALE STEVENS, an individual; ANNE STEVENS, an individual; OLD GLORY ASSET MANAGEMENT, LLC, a Pennsylvania limited liability corporation; OPTIQUE CAPITAL MANAGEMENT, INC., a Wisconsin corporation; and Plaintiffs TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST (collectively, the "Parties"), by and through their undersigned counsel, stipulate as follows:

1. This Stipulation governs all documents and other materials produced by any party in this matter in conjunction with discovery, in response to any Order by the Court, or as part of any other document exchange or production in this matter.

2. All documents and other materials produced or exchanged in this matter may be used for purposes of this case only (including any related arbitration proceeding) and for no other purpose.

3. Any party producing or exchanging any document may designate all or any portion of it as "confidential" indicating that such document contains information that is a trade secret, proprietary, commercially sensitive, private or personal, or otherwise confidential.

4. The designation of material as confidential may be made by letter to opposing counsel, by stamping or affixing "confidential" onto any document (in

such manner as will not interfere with the legibility thereof), or by any other reasonable means agreed to by the parties.

5.  Failure to designate a document as confidential when it is initially produced shall not constitute a waiver of the right to later designate it or the information therein contained as confidential, but the receiving party's disclosure of the document or its contents during such intervening time period shall not constitute a violation of this Stipulation.

6.  The receiving party may file a request with the Court (or Arbitration Panel) for an order vacating any designation of confidentiality.  However, unless otherwise ordered, all documents designated as confidential shall remain subject to all terms herein.

7.  Confidential documents and any copies thereof, notes made therefrom, and the information contained therein shall be disclosed only to:

    a. the Court (or arbitrators);

    b. legal and administrative personnel of the organization administering this case and/or arbitration;

    c. counsel of record and in-house counsel for the parties;

    d. the Parties, including officers, directors or employees of corporate parties;

    e. court reporters before whom proceedings are conducted in this matter;

    f. experts or consultants retained by the parties or counsel to assist in preparing for or conducting proceedings in this matter; and

    g. any third party or counsel for the third party whom counsel for either party believes in good faith may be a witness at the trial or arbitration.

8.  Before any expert or consultant described in paragraph 7(f) above, or any third party described in paragraph 7(g) above, receives access to confidential documents, such person shall read this Stipulation and sign the Third Party

1  Acknowledgment (attached hereto as Exhibit A) confirming his/her agreement to
2  be bound by the terms herein.

3      9.     The inadvertent production of any discovery material shall be without
4  prejudice to any claim that such material is privileged and/or protected from
5  discovery as work product, and the producing party shall not be held to have
6  waived any such claim by inadvertent production, provided that the producing
7  party promptly advises the other parties of its position and identifies the documents
8  to which the assertion is claimed.  All inadvertently produced material as to which
9  a claim of privilege is asserted and any copies thereof shall be returned promptly.

10     10.    All confidential material and documents produced or exchanged
11  hereunder and all copies thereof shall be returned to the producing party or
12  destroyed within thirty (30) days following dismissal, judgment, or award.  If the
13  receiving party elects to destroy rather than return the confidential material,
14  counsel shall provide written confirmation thereof thirty (30) days following the
15  dismissal, judgment, or award.  Notwithstanding the dismissal, termination,
16  settlement, judgment, award or other disposition of this matter (or related
17  arbitration), the obligations imposed by this Stipulation shall remain in full force
18  and effect subject only to modification by the parties and the Court and/or
19  Arbitration Panel.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

Law Offices of Andrew B. Holmes
801 South Figueroa Street, Suite 2170
Los Angeles, California  90017

11. Each of the parties hereto agrees to notify the other parties promptly upon receipt of any subpoena or other legal process that calls for disclosure of any confidential documents produced hereunder.

Dated: March 28, 2012         LAW OFFICES OF ANDREW B. HOLMES

By: /s/ Andrew B. Holmes
Andrew B. Holmes
Attorneys for Defendants Messner & Smith Theme/Value Investment Management, Ltd.; Messner & Smith, L.L.C.; Messner and Smith Small/Mid Partners, L.P.; and Messner Smith & Associates, LLC

Dated: March 28, 2012         BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Adam Segal
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Aaron B. Fricke, Esq.
Nevada Bar No. 11129
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Attorneys for Plaintiffs

Dated: March 28, 2012         LAW OFFICE OF SHAWN R. PEREZ

By: /s/ Shawn Perez
Shawn R. Perez, Esq.
Nevada Bar No. 10421
633 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Defendants Grasswood Partners, Inc., Dale Stevens and Anne Stevens

| | | |
|---|---|---|
| Dated: March 28, 2012 | | LEWIS BRISBOIS BISGAARD & SMITH, LLP |

By: /s/ Jeffery Olster
    Adam Pernsteiner, Esq.
    Nevada Bar No. 007862
    Jeffrey D. Olster, Esq.
    Nevada Bar No. 008864
    6385 South Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118
    Attorneys for Defendant Old Glory Asset
    Management, LLC

Dated: March 28, 2012    FOX ROTHSCHILD, LLP

By: /s/ Howard Flaxman
    Rachel Bickle-Stone, Esq.
    Nevada Bar No. 11057
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
    - and -
    Howard R. Flaxman, Esq.
    Pennsylvania Bar No. 10207
    2000 Market St., 20th Floor
    Philadelphia, PA 19103-3222
    Attorneys for Defendant Optique Capital
    Management, Inc.

## **ORDER**

**IT IS SO ORDERED.**

Dated: April 3, 2012    By: _____
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST,<br><br>   Plaintiffs,<br><br>  vs.<br><br>GRASSWOOD PARTNERS, INC., a California corporation; DALE STEVENS, an individual; ANNE STEVENS, an individual; OLD GLORY ASSET MANAGEMENT, LLC, a Pennsylvania limited liability corporation; OPTIQUE CAPITAL MANAGEMENT, INC., a Wisconsin corporation; MESSNER & SMITH THEME/ VALUE INVESTMENT MANAGEMENT, LTD., a California corporation, MESSNER & SMITH, L.L.C., a California limited liability company, MESSNER AND SMITH SMALL/MID PARTNERS, L.P., a California limited partnership, and MESSNER SMITH & ASSOCIATES, LLC, a California limited liability company,<br><br>   Defendants. | Case No. 2:11-cv-00044-RLH-RJJ<br><br>**STIPULATION OF CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |

## THIRD PARTY ACKNOWLEDGMENT

  1. I have been requested by counsel for Claimant/Respondents to participate and/or assist in the above-referenced arbitration.

Law Offices of Andrew B. Holmes
801 South Figueroa Street, Suite 2170
Los Angeles, California 90017

2.I have read the Confidentiality Stipulation governing the production and exchange of documents in this arbitration and agree to be bound by its terms as if a signatory thereto. In addition, I hereby acknowledge that the unauthorized use or disclosure of documentation exchanged or produced in the arbitration may constitute contempt und I hereby consent to the exercise of personal jurisdiction of the United States District Court for the District Of Nevada for the purpose of enforcing the Stipulation of Confidentiality and Protective Order.

Dated: _____

_____
(Signature)

_____
(Printed Name)