UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>GRASSWOOD PARTNERS, INC., et al.,<br><br>Defendants. | Case No. 2:11-cv-00044-MMD-RJJ<br><br>ORDER<br><br>(Plaintiffs' Motion to Dismiss Messner & Smith, LLC, Messner and Smith Small/Mid Partners, L.P., and Messner Smith & Associates, LLC – dkt. no. 67) |

Before the Court is Plaintiffs' Motion to Dismiss Messner & Smith, LLC, Messner and Smith Small/Mid Partners, L.P., and Messner Smith & Associates, LLC ("Messner and Smith Entities"). (Dkt. no. 67). For reasons discussed below, Plaintiffs' Motion is granted.

## I. BACKGROUND

This case involves an Employee Retirement Income Security Act (ERISA) claim brought by Plaintiffs. Plaintiffs, the Trustees of the Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine

Operators of the United States and Canada Local Pension Trust ("Trustees"), are fiduciaries of a multiemployer pension plan that provides pensions to union stagehands in Southern Nevada. Trustees bring this claim against Defendant Grasswood Partners, Inc. ("Grasswood"), and several persons and companies associated with Grasswood, all of whom Trustees hired to invest pension plan assets in securities. Defendant Messner & Smith Theme/Value Investment Management, Inc. ("Messner Theme/Value") was Defendant Grasswood's former investment manager. Trustees brought this action against all Defendants alleging breach of fiduciary duties and reversal of prohibited transactions under 29 U.S.C. § 1106. Plaintiffs allege that Defendants engaged in certain improper exchanges of property and plan assets of the pension plan. (*See* dkt. no. 36 at ¶¶ 72-94.)

Trustees explain that, through discovery, they have determined that Messner and Smith Entities "have no relationship or interaction with Plaintiff'[s] pension trust." Plaintiffs request that the Court dismiss Messner and Smith Entities without prejudice under Federal Rule of Civil Procedure 42(a)(2), and that each party bear its own fees and costs. (Dkt. no. 67 at 3.)

Messner and Smith Entities do not oppose dismissal, but rather argue that because they "should never have been named in this litigation in the first place," dismissal should be *with* prejudice. Alternatively, Messner and Smith Entities request that dismissal without prejudice be conditioned on Trustees paying Messner and Smith Entities' fees and costs.[1]

///

///

///

---

[1] Messner and Smith Entities presumably do not request dismissal with prejudice *and* payment of costs and fees because "district courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal *with* prejudice." *Chang v. Pomeroy*, CIV S-08-0657, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) (emphasis in original).

## II. DISCUSSION

### A. Legal Standard

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citing Fed. R. Civ. P. 41(a)(2); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal." *Stevedoring Servs.*, 889 F.2d 919 at 921 (citations omitted). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (citing *Westlands*, 100 F.3d at 97). Legal prejudice is prejudice to "some legal interest, some legal claim, [or] some legal argument." *Westlands*, 100 F.3d at 97. Uncertainty "because a dispute remains unresolved or because the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice." *Smith*, 263 F.3d at 976 (quotation marks and citation omitted; ellipses in original).

"Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." *Stevedoring Servs.*, 889 F.2d at 921. "Moreover, several courts have specifically held that such payment is not required." *Id.*; *see also Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

### B. Analysis

All parties agree that the Messner and Smith Entities should be dismissed. The parties disagree, however, on whether dismissal should be with or without prejudice, and on whether Trustees should pay Messner and Smith Entities' fees and costs.

### 1. Dismissal Without Prejudice

The Court determines that Defendants Messner and Smith Entities will not suffer prejudice to a legal claim, argument, or interest by dismissing this case without prejudice. Messner and Smith Entities' only argument regarding why this case should be dismissed with prejudice is that "this case is essentially premised on a breach of contract where the parties are clearly identified," but "Plaintiffs nonetheless named" Messner and Smith Entities in their First Amended Complaint ("FAC"), despite the fact that Messner and Smith Entities were not a party to the contract at issue here. (Dkt. no. 69 at 3.) Trustees counter that Messner & Smith Theme/Value was not clearly identified in the at-issue contract as Defendant Grasswood's investment manager. Rather, the entity identified in the at-issue addendum was called "Messner and Smith," which is not a legal entity. (Dkt. no. 71 at 3.) Therefore Trustees argue that they "had no choice but to name any and all entities that appeared to have any relation to the fictional 'Messner and Smith identified' in the addendum." (*Id.*) In fact, Trustees' FAC names all Messner Defendants as investment managers. (Dkt. no. 36 at ¶ 73.)

Messner and Smith Entities misunderstand what "prejudice" in this context means. They present no argument explaining how they will suffer *legal* prejudice as a result of being dismissed without prejudice. Examples of legal prejudice include the loss of federal forum, loss of the right to a jury trial, loss of a statute of limitations defense, or the inability to conduct sufficient discovery. *See Westlands*, 100 F.3d at 97. Messner and Smith Entities do not argue that they will experience any of these harms, or any harm at all, if they are dismissed without prejudice.

Moreover, "[i]n determining whether dismissal without prejudice is appropriate, district courts in this circuit have considered the following factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence by the moving party in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) the fact that the opposing party has moved for summary judgment." *Beckett v. MACYSDSNB*, C11-00246 HRL, 2012 WL 479593, at *2 (N.D. Cal. Feb. 14,

2012) (citations omitted).  Messner and Smith Entities do not describe the effort and expense they have put into this case.  Yet even assuming their counsel has expended moderate or significant effort in preparing this case,[2] because the other three factors so clearly favor Plaintiffs' position, dismissal without prejudice is appropriate here.  Messner and Smith Entities argue excessive delay on the part of Trustees in their Opposition.  Further, Trustees state that they discovered that Messner and Smith Entities had no relationship or interaction with Plaintiffs' pension trust at Ellis Smith's deposition, which took place on March 19, 2012.  (Dkt. no. 68.)  Plaintiffs filed this Motion less than a month later, on April 16, 2012.  One month does not amount to "excessive delay" here.  Finally, Messner and Smith Entities have not moved for summary judgment in this case.

For these reasons, the Court grants Plaintiff's Motion to Dismiss without prejudice.

## 2.    Defendants' Request for Fees and Costs

Messner and Smith Entities request that if the Court grants Trustees' Motion to Dismiss without prejudice, it should condition dismissal on Plaintiffs paying Messner and Smith Entities' costs and fees.  (Dkt. no. 69 at 2-3.)

"Because Rule 41(a)(2) exists chiefly for the defendant's protection, the district court has the discretion to condition a dismissal without prejudice upon the payment of 'appropriate costs and attorney fees.'"  *Chavez v. Northland Group*, CV-09-2521-PHX-LOA, 2011 WL 317482, at *3 (D. Ariz. Feb. 1, 2011) (citing *Westlands*, 100 F.3d at 96).  "The payment of fees, however, is not a prerequisite to a Rule 41(a) dismissal."  *Id.* (citations omitted).  "Further, the Ninth Circuit has held that 'Fed. R. Civ. P. 41(a)(2) in itself is not 'specific statutory authority' for the imposition of sanctions against an attorney.'"  *Id.* (*citing Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir.1993)).  "Given the presumption that an attorney is generally not liable for fees unless that

---

[2]Messner and Smith Entities were added as defendants to this case in the Trustees' FAC, which was filed approximately one year ago, on September 12, 2011.  (Dkt. no. 36.)  They have since filed several pleadings in the matter (dkt. nos. 54, 65, 69, 92), which may amount to their expending moderate or significant effort and expense on this case.

prospect is spelled out, it would be incongruous to conclude from the broad language of Fed. R. Civ. P. 41(a)(2) that an attorney could be sanctioned by authority of this rule alone." *Id.* (citation omitted).

Messner and Smith Entities' request fails. First, they provide no basis for awarding fees or costs other than Rule 41(a)(2), which as mentioned is not itself an authority for the imposition of attorney fees. *DCI Solutions*, 2011 WL 6013090, at *3 (citation omitted). Second, Messner and Smith Entities do not provide a statutory or contractual basis for awarding fees and costs here, nor do they assert that Trustees have acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)).

For these reasons, Messner and Smith Entities' request for fees and costs is denied.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Messner & Smith, LLC, Messner and Smith Small/Mid Partners, L.P., and Messner Smith & Associates, LLC (dkt. no. 67) is GRANTED.

IT IS FURTHER ORDERED that Defendants Messner and Smith Entities' Request for Attorney Fees and Costs (Dkt. no. 69) is DENIED.

DATED THIS 1st day of October 2012.

_____
UNITED STATES DISTRICT JUDGE